Case 2:18-cv-00111   Document 14   Filed on 04/30/19 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
April 30, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARY LOU REED, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-111 |
| | § | |
| NANCY A BERRYHILL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Mary Lou Reed brought this action on April 24, 2018, seeking review of the Commissioner's final decision determining she was not disabled. (D.E. 1). On November 1, 2018, Plaintiff filed a Brief in Support of Claim. (D.E. 12). On December 19, 2019, Defendant filed a Responsive Brief. (D.E. 13). For the reasons that follow, it is respectfully recommended that the Commissioner's determination be **AFFIRMED** and Plaintiff's cause of action be **DISMISSED**.

### I.   JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 42 U.S.C. § 405(g).

### II.   ISSUE PRESENTED

Plaintiff contends the ALJ failed to properly evaluate the opinion of Dr. Arthur Briggs, a non-examining physician.

## III.     BACKGROUND

Plaintiff protectively filed an application for disability insurance benefits in March 2013, alleging disability as of June 15, 2009, due to a stroke and knee surgeries. (D.E. 8-7, Pages 3-9 and D.E. 8-8, Pages 2-5). Plaintiff's date last insured was September 30, 2010, meaning Plaintiff is eligible for benefits only if there is a finding of disability on or before this date. (D.E. 8-8, Page 2).

Plaintiff's application was denied upon initial consideration and was again denied upon reconsideration. (D.E. 8-4, Pages 2-16). At Plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on January 7, 2015 at which Plaintiff, Dr. Arthur Briggs, and a vocational expert ("VE") testified. (D.E. 8-3, Pages 88-137). The ALJ, Gary Vanderhoof, issued an unfavorable decision on March 13, 2015, finding Plaintiff not disabled between June 15, 2009, the alleged onset date, through September 30, 2010, the date last insured. (D.E. 8-4, Pages 20-32). In his opinion, ALJ Vanderhoof discounted some of the testimony from Dr. Briggs, a non-examining medical expert, finding his "statements regarding the claimant's ability to work are not afforded any weight." (D.E. 8-4, Page 27). ALJ Vanderhoof further found "the issue of disability is an issue reserved to the Commissioner; therefore, no weight can be given to Dr. Briggs' conclusory statement regarding the claimant's ability to work." (D.E. 8-4, Page 27).

Plaintiff requested the Appeals Council review the ALJ's decision, and after granting her request for review, the Appeals Council remanded the case on September 19, 2016 for an ALJ to give further consideration to Dr. Briggs' testimony. (D.E. 8-4, Pages 33-36). In this remand order, the Appeals Council noted Dr. Briggs' inconsistent

testimony regarding Plaintiff's ability to work but found, in relevant part, that Dr. Briggs' opinion constituted a medical opinion of a non-examining physician which should have been considered. (D.E. 8-4, Page 34). Specifically, the Appeals Counsel directed the ALJ to:

> Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p). In so doing, further evaluate Dr. Briggs' opinion pursuant to 20 CFR 404.1527 and Social Security Ruling 96-6p, and explain the weight given to this opinion evidence.

(D.E. 8-4, Page 35).

On May 9, 2017, a second ALJ conducted another hearing, at which Plaintiff and a different VE testified. (D.E. 8-3, Pages 34-87). Dr. Briggs did not testify because he had retired effective May 6, 2015 and his licenses expired in April and November 2015. (D.E. 8-3, Pages 41-42). On June 9, 2017, the second ALJ issued an unfavorable decision, finding Plaintiff not disabled. (D.E. 8-3, Pages 13-27). Plaintiff requested the Appeals Counsel review this decision, and the Appeals Council denied her request for review on February 14, 2018, making the June 9, 2017 determination the final decision of the Commissioner under 42 U.S.C. § 405(g). (D.E. 8-3, Pages 2-12). Plaintiff timely filed this action on April 24, 2018, seeking a review of the Commissioner's final decision. (D.E. 1).

## IV. SUMMARY OF THE EVIDENCE

As Plaintiff challenges only the consideration given by the second ALJ to Dr. Briggs' testimony, the undersigned finds a summary of Plaintiff's medical history need

not be included in this Memorandum and Recommendation. However, the undersigned has reviewed the entire record as well as the parties' medical summaries in the pending Motion and Response. The undersigned has summarized the record below as it relates to Dr. Briggs' testimony.

Plaintiff, at the time her application was filed in March 2013, was a 52-year-old woman with a Bachelor of Science in Legal Studies and past relevant work as a loan officer/credit clerk at Cash & Go. (D.E. 8-8, Pages 2 and 6; D.E. 8-3, Pages 46 and 125). Plaintiff reported she stopped working on June 15, 2009 because of a stroke and knee injuries. (D.E. 8-8, Page 5).[1]

At the first hearing held on January 7, 2015, while being questioned by ALJ Vanderhoof, Dr. Briggs testified Plaintiff could perform sedentary work but could not climb ropes or scaffolds or climb ladders and had postural limitations meaning she could only occasionally kneel, crouch, and crawl. (D.E. 8-3, Pages 94 and 99). Dr. Briggs further recommended a clean working environment would be required because of Plaintiff's asthmatic condition. (D.E. 8-3, Page 94).[2] When later asked by Plaintiff's

---

[1] A claimant can be classified in one of three age categories: (1) a younger person (18-49); (2) a person closely approaching advanced age (50-54); or (3) a person of advanced age (55 or older). 20 C.F.R. § 404.1563(c)-(e). While Plaintiff filed her application for benefits in March 2013 when she was 52 years old, her date last insured was September 30, 2010, meaning Plaintiff is eligible for benefits only if there is a finding of disability on or before this date. (D.E. 8-8, Page 2). Therefore, when considering her application for benefits, Plaintiff may be classified as a younger person. However, while noting this, the ALJ at the second hearing minimally considered Plaintiff as a person closely approaching advanced age. (D.E. 8-3, Pages 78-79).

[2] As noted by the parties, there appears to have been a recording error during Dr. Briggs' testimony. (D.E. 8-3, Page 93 ("No, we can't hear anything."); D.E. 12, Page 8; and D.E. 13, Page 4, Footnote 1). However, the remainder of the record makes it clear Dr. Briggs, in response

counsel if Plaintiff was less than sedentary, Dr. Briggs answered, "Well, basically she is." (D.E. 8-3, Page 99). Dr. Briggs then testified, "Basically she is sedentary, but she wouldn't be able to do a lot of sedentary work on a long-term basis" because Plaintiff would be unable to walk for a long period of time and would not be able to work from 8:00 to 5:00 five days a week at the sedentary level. (D.E. 8-3, Pages 99-100).

Donna Johnson, a VE, then testified that a younger aged person with a college education who could lift and carry 10 pounds occasionally and frequently, needed a clean working environment, could occasionally kneel, crouch or crawl, could stand for two hours and sit for six hours out of eight hours with normal breaks and could not climbing ladders, ropes or scaffolds or work at unprotected heights could perform sedentary work as a loan clerk as described in the Dictionary of Occupational Titles ("DOT") (D.E. 8-3, Pages 122-127). The VE further testified this position could also be performed with these restrictions by someone needing a wheelchair as well as other positions, such as call-out operator, telephone quotation clerk, and a charge account clerk. (D.E. 8-3, Pages 127-128).

In his March 13, 2015 decision ALJ Vanderhoof found Plaintiff was able to perform the job of a loan clerk as customarily performed and was therefore, not disabled. (D.E. 8-4, Page 28). When discussing Dr. Briggs' testimony, ALJ Vanderhoof noted Dr. Briggs' opinion that Plaintiff "might have difficulty performing work eight-hours a day, five days a week" but found Plaintiff's employment at Walmart in 2013, while lasting

---

to the ALJ's questioning, initially testified Plaintiff was capable of sedentary work with the limitations as described above. (D.E. 8-3, Pages 93-94 and 99-101; and D.E. 8-4, Page 27).

only one week, demonstrated Plaintiff's ability to perform sedentary work with the use of a wheelchair. (D.E. 8-4, Page 27). ALJ Vanderhoof then concluded "Dr. Briggs' statements regarding the claimant's ability to work are not afforded any weight" as the "issue of disability is an issue reserved to the Commissioner." (D.E. 8-4, Page 27). He further noted Dr. Briggs' conclusion regarding Plaintiff's ability to work was afforded no weight because "[t]he record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or has limitations greater than those determined in this decision." (D.E. 8-4, page 27).

At the second hearing on May 9, 2017, over two years after the first hearing, ALJ Gordan Momcilovic presided and Dr. Briggs did not testify because he had retired effective May 6, 2015 and his licenses expired in April and November 2015. (D.E. 8-3, Pages 41-42). ALJ Momcilovic and Plaintiff's attorney questioned Plaintiff at length about her medical history, work history and physical limitations. (D.E. 8-3, Pages 45-76). Michael Stinson, a VE, then testified a person closely approaching advanced aged with at least a high school education who needed a clean working environment, could occasionally kneel, crouch or crawl and who could not climb ladders, ropes or scaffolds, could perform sedentary work as a credit clerk as described in the DOT. (D.E. 8-3, Pages 78-79). Further, the VE further testified this position could also be performed with these restrictions by someone needing to use crutches, a walker, a wheelchair or a scooter. (D.E. 8-3, Pages 76-79).

In his June 9, 2017 decision, ALJ Momcilovic first noted:

> In its remand order, the Appeals Council directed the undersigned to give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rational with specific reference to evidence of record in support of assessed limitations (SSR 96-8p). Additionally, to evaluate the opinion of Dr. Briggs pursuant to 20 CFR 404.1527 and SSR 96-6p.

(D.E. 8-3, Page 16). He then determined Plaintiff was not under a disability from June 15, 2009, the alleged onset date, through the date last insured, September 30, 2010. (D.E. 8-3, Page 17). After thoroughly summarizing Plaintiff's relevant medical records, and after consideration of the entire record, ALJ Momcilovic found Plaintiff, through the date last insured, had the RFC to perform sedentary work but could not climb ladders, ropes or scaffolds, could occasionally balance, stoop, kneel, crouch or crawl and could only occasionally be exposed to pulmonary irritants. (D.E. 8-3, Pages 19-26). Additionally, the ALJ opined:

> As ordered in the remand, the undersigned considered the testimony of Dr. Briggs who testified in the prior hearing (January 7, 2015) and has accorded his testimony limited weight as his testimony was not entirely supported by the preponderance of the evidence as outlined above. The expert also clearly changed his testimony while cross-examined, from a range of sedentary work (at 12:32 pm) to virtually the same residual functional capacity *but* with added comments that the claimant "will not be able to do sedentary work on a long term basis" and "could not work 8 hours a day," presumably prior to the date last insured (12:43 pm) (January 7, 2015 Hearing Recording). Interestingly, a large portion, if not most, of the "testimony" at the cross was provided by the representative, which led the expert to "acquiesce" with him (between 12:36-12:43 pm; Hearing Recording). This fails to enhance the probative value and overall weight of the medical expert's opinion.
>
> (D.E. 8-3, Page 25).

ALJ Momcilovic concluded Plaintiff was able to perform her past relevant work as a credit clerk as generally performed and was, therefore, not under a disability through September 30, 2010, the date last insured. (D.E. 8-3, Page 26).

## V. STANDARD OF REVIEW

Judicial review of the Commissioner's decision regarding a claimant's entitlement to benefits is limited to two questions: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The burden has been described as more than a scintilla, but lower than a preponderance. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). A finding of "no substantial evidence" occurs "only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988) (citations omitted).

In applying the substantial evidence standard, the Court scrutinizes the record to determine whether such evidence is present. But the Court does not reweigh the evidence, try the issues de novo or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citations omitted). It is incumbent upon the Court to look at the evidence as a whole and take into account the following factors: (1) objective medical evidence or clinical findings; (2) diagnosis of examining physicians; (3) subjective evidence of pain and disability as testified to by the

claimant and others who have observed him and (4) the claimant's age, education and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citations omitted).

In evaluating a disability claim, the Commissioner follows a five-step process to determine whether (1) the claimant is presently working; (2) the claimant's ability to work is significantly limited by a physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform relevant work. *Martinez v. Chater*, 64 F.3d 172, 173-174 (5th Cir. 1995); 20 C.F.R. § 404.1520. The claimant bears the burden of proof on the first four steps with the burden shifting to the Commissioner at the fifth step. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

## VI.   DISCUSSION

Plaintiff asserts ALJ Momcilovic improperly evaluated the opinion of Dr. Briggs, a non-examining physician. More specifically, Plaintiff asserts ALJ Momcilovic should have afforded more weight to Dr. Briggs' opinion that Plaintiff could not perform full time sedentary work. However, a review of ALJ Momcilovic's opinion shows he properly considered all of the evidence in the record, including Dr. Briggs' testimony, in detail. (D.E. 8-3, Pages 19-26).

An individual claiming disability has the burden of proving disability and must prove the inability to engage in any substantial gainful activity. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) (citations omitted). "The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally

impaired by her [disability] that she was precluded from engaging in any substantial gainful activity. *Id*. (citations omitted). Further, it is the task of the ALJ, not this Court, to weigh the evidence. *Hames*, 707 F.2d at 165; *Holmes v. Colvin*, 555 Fed. App'x 420, 421 (5th Cir. 2014) (citing *Bowling*, 36 F.3d at 434). "It is not the place of this Court to reweigh the evidence, or try the issue de novo, or substitute its judgment…[i]f supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed." *Id*.

An RFC is an assessment, based on all of the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite impairments. 20 C.F.R. § 404.1545(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). RFC refers to the most a claimant is able to do despite physical and mental limitations. 20 C.F.R. § 404.1545(a). The ALJ must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with objective medical evidence and other evidence. The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) ("The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record.") (citation omitted).

ALJ Momcilovic thoroughly summarized and analyzed Plaintiff's conditions, including her subjective complaints and the objective medical evidence, which indicated that while Plaintiff was limited by her asthma, morbid obesity, and knee and back ailments, she did not have an impairment or combination of impairments that met or

medically equaled the severity of a listed impairment. (D.E. 8-3, Pages 19-22). Further, he correctly noted Plaintiff had consistently been released to work without limitations by her treating physicians, including orthopedic surgeon Dr. Stephen Bell, throughout 2009. (D.E. 8-3, Page 24; D.E. 8-11, Pages 17-18; 21; 40; 55; and D.E. 8-12, Pages 33-35).[3] As a result, ALJ Momcilovic then concluded Plaintiff had the RFC to perform a modified range of sedentary work which, considering the VE's testimony, he opined meant Plaintiff was capable of performing her past relevant work as a credit clerk as generally performed. (D.E. 8-3, Pages 22-26).

As to Dr. Briggs' testimony, Plaintiff asserts ALJ Momcilovic improperly discounted its credibility because there is nothing in the record which indicates Dr. Briggs ever opined Plaintiff could perform sedentary work because there was an error recording the first hearing on January 7, 2015 before ALJ Vanderhoof. The undersigned recommends this argument is without merit. While there was a recording error, when reviewing the relevant record, it is clear Dr. Briggs first testified Plaintiff was capable of a modified range of sedentary work and then, in response to Plaintiff's counsel's questions, later testified Plaintiff was not, in fact, capable of sedentary work "on a long-term basis." (D.E. 8-3, Page 93 ("No, we can't hear anything."); D.E. 8-3, Pages 93-94 (ALJ Vanderhoof questioning Dr. Briggs about sedentary restrictions) and 99-101 ("I thought you would say she's less than sedentary"); and D.E. 8-4, Page 27 (Summary of

---

[3] While Plaintiff, in her brief, correctly noted that in August and September of 2009 Dr. Bell prohibited Plaintiff from prolonged standing for a period of six weeks, Plaintiff failed to note Dr. Bell then released Plaintiff to work without restrictions on October 7, 2009 and again on November 2, 2009. (D.E. 12, Page 7; D.E. 8-10, Page 8; and D.E. 8-11, Pages 17-18 and 21).

Dr. Briggs' testimony by ALJ Vanderhoof including that Dr. Briggs opined "claimant could perform sedentary work")).  Therefore, ALJ Momcilovic correctly noted inconsistencies in Dr. Briggs' testimony during the first hearing.  (D.E. 8-3, Page 25). ALJ Momcilovic is entitled to assign little to no weight to Dr. Briggs' opinion because he found Dr. Briggs' assessment to be inconsistent with the overall record, including Plaintiff's treating physicians, as well as inconsistent throughout the hearing itself. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000) (opinion of treating physician who is familiar with claimant's impairments is entitled to great weight if supported by objective medical evidence).

Even though the record illustrates Plaintiff suffers from several impairments, the undersigned recommends substantial evidence supports the ALJ's conclusion that Plaintiff's impairments did not prevent her from performing sedentary work with restrictions as identified in the RFC during the time period at issue. *Hames*, 707 F.2d at 165.  ALJ Momcilovic acted within his discretion in interpreting the evidence before him, including Dr. Briggs' opinion, as well as the competing evidence and discussing it at length in his decision.  The ALJ provided an explanation for the weight given to Dr. Briggs' opinion.  There is sufficient evidence in the record from Plaintiff's treating physicians and the objective medical evidence during the relevant time period to support the ALJ's decision that Plaintiff was not prevented from performing her past relevant work as generally defined.

In this case, ALJ Momcilovic applied the correct legal standards and the decision is supported by substantial evidence.

12 / 14


## VII. RECOMMENDATION

For the reasons discussed above, the undersigned respectfully recommends the ALJ considered all of the evidence in the record, both subjective and objective, and properly assessed Plaintiff's RFC and Dr. Briggs' testimony. As such, it is respectfully recommended that the Commissioner's determination be **AFFIRMED** and Plaintiff's cause of action be **DISMISSED**.

ORDERED this 30th day of April, 2019.

                                                *Jason B. Libby*
                                                Jason B. Libby
                                     United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).